IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY VONE CAIBY,
    Plaintiff,

v.                              CIVIL ACTION NO. 19-CV-0423

TAMELA FERGUSON,
    Defendant.

MEMORANDUM

BEETLESTONE, J.                                              MAY 2, 2019

    Plaintiff Anthony Vone Caiby, a prisoner incarcerated at SCI Phoenix who is representing himself, filed this civil action pursuant to 42 U.S.C. § 1983 against Tamela Ferguson, the Superintendent of SCI Phoneix, based on the conditions at SCI Graterford and SCI Phoenix. He seeks leave to proceed *in forma pauperis*. The Court will grant Caiby leave to proceed *in forma pauperis* and dismiss his Complaint with leave to file an amended complaint.

I.     FACTS

The factual basis for Caiby's claims is not entirely clear. He alleges that:

> In February 14-28, 2018 and then the whole time incommunicado inmitation [sic] phone calls, nonpayment for mind-initiative, retaliation, being placed under renal neural impulse control, and continuously cut with razors, burn sensor third cuticle down etc. to make me capitulate and stop fighting.

(Compl. at 6.)[1] He adds that he "was cut by multiple cell mates [his] mail/legal mail, sent to the POV [or POC], and kidnapped, not compensated." (*Id.* at 7.) Caiby describes the most serious "cut" as having occurred on September 29, 2017, "on the hand, right hand, under the left eye, also cut on the burn sensor third cuticle down multiple times." (*Id.*) Caiby also claims to have

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

been "kidnapped from SCI Graterford, on Feb 16, 2018, kept in POC, [and] lasered to the cellular wall." (*Id.*) He alleges that he has "new scars from last scans 54 new cuts in total, covered up by officials in charge." (*Id.*)

Caiby claims to have suffered physical injuries and to have been "shocked via voice command technology." (*Id.*) He seeks unspecified injunctive relief and $5 million in damages. Caiby attached to his Complaint a letter addressed to the state court inquiring about his post-conviction proceedings. The letter states that he is "still under renal/neural impulse control," which has impacted his ability to pursue his case, and that he has been assaulted during his incarceration. (*Id.* at 14.) Caiby also attached pictures to his Complaint; it is not clear how those pictures are relevant to his claims.

## II. STANDARD OF REVIEW

The Court will grant Caiby leave to proceed *in forma pauperis* because he has represented that he lacks the ability to pay the fees to commence this civil action.[2] Accordingly, Caiby's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

---

[2] However, as Caiby is incarcerated, he must pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b). The Court will accept Caiby's submissions as substantial compliance with § 1915(a) given the documentation he provided reflecting that he has had difficulty obtaining his account statement.

To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Caiby is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Initially, several of Caiby's allegations rise to the level of factually frivolous. At points in his pleading, he suggests that he is under "renal/neural impulse control" or otherwise being controlled by "voice command technology." He also alludes to a "mind-initiative." These allegations rise to the level of factually frivolous and cannot support a claim on which Caiby can proceed.[3]

To the extent Caiby's allegations are not factually frivolous, he has not pled a plausible basis for a claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

---

[3] Caiby's allegation in a statement provided to the Court that "[t]hey are also on my head to use military paralane, this falls under the 'Military Secrets Doctrine' jamming me to the point that I cannot read, concentrate etc" reinforces this interpretation. (ECF No. 13 at 1.)

3

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Id.* at 319.

Here, it is possible that Caiby could allege a nonfrivolous basis for a claim based on repeated assaults from other inmates and circumstances related to his mail, but the Complaint does not allege a plausible claim as pled due to the absence of enough facts showing an entitlement to relief. Caiby also has not alleged any plausible basis for concluding that Ferguson violated his rights in connection with the conditions of his confinement. While it would be appropriate for Caiby to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to describe those individuals with some particularity and explain how each individual he seeks to proceed against was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. In sum, Caiby has not pled a plausible basis for a constitutional violation or a plausible basis for

Ferguson's involvement in any of the events that appear to form the basis for his challenges to his conditions of confinement.

## IV. CONCLUSION

For the foregoing reasons, Caiby's Complaint is dismissed as factually frivolous and for failure to state a claim. However, as it is possible that Caiby could allege a plausible basis for a claim challenging the conditions of his confinement, he will be given an opportunity to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

**WENDY BEETLESTONE, J.**