# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY VONE CAIBY,
    Plaintiff,

v.                                  CIVIL ACTION NO. 19-CV-0423

TAMELA FERGUSON,
    Defendant.

## MEMORANDUM

**BEETLESTONE, J.**                                            MAY 29, 2019

Plaintiff Anthony Vone Caiby, a prisoner incarcerated at SCI Phoenix who is representing himself, filed this civil action pursuant to 42 U.S.C. § 1983 against Tammy Ferguson, the Superintendent of SCI Phoneix, based on the conditions at SCI Graterford and SCI Phoenix. His Amended Complaint is currently before the Court. For the following reasons, the Court will dismiss Caiby's Amended Complaint with prejudice as frivolous and for failure to state a claim.

## I.    FACTS AND PROCEDURAL HISTORY

In his initial Complaint, Caiby alleged that:

> In February 14-28, 2018 and then the whole time incommunicado inmitation [sic] phone calls, nonpayment for mind-initiative, retaliation, being placed under renal neural impulse control, and continuously cut with razors, burn sensor third cuticle down etc. to make me capitulate and stop fighting.

(Compl. at 6.)[1] He added that he "was cut by multiple cell mates [his] mail/legal mail, sent to the POV [or POC], and kidnapped, not compensated." (*Id.* at 7.) Caiby described the most serious "cut" as having occurred on September 29, 2017, "on the hand, right hand, under the left eye,

---

[1] The Court adopts the pagination assigned to Caiby's pleadings by the CM-ECF docketing system.

also cut on the burn sensor third cuticle down multiple times." (*Id.*) Caiby also claimed to have been "kidnapped from SCI Graterford, on Feb 16, 2018, kept in POC, [and] lasered to the cellular wall." (*Id.*) He alleged that he had "new scars from last scans 54 new cuts in total, covered up by officials in charge." (*Id.*)

Caiby claimed to have suffered physical injuries and to have been "shocked via voice command technology." (*Id.*) He sought unspecified injunctive relief and $5 million in damages. Caiby attached to his Complaint a letter addressed to the state court inquiring about his post-conviction proceedings. The letter states that he is "still under renal/neural impulse control," which has impacted his ability to pursue his case, and that he has been assaulted during his incarceration. (*Id.* at 14.) Caiby also attached pictures to his Complaint; it was not clear how those pictures are relevant to his claims.

In a Memorandum and Order entered on the docket May 3, 2019, the Court granted Caiby leave to proceed *in forma pauperis*, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the Complaint as frivolous and for failure to state a claim. First, the Court explained that Caiby's claims rose to the level of factual frivolousness to the extent they were based on allegations that Caiby was "under 'renal/neural impulse control' or otherwise being controlled by 'voice command technology'" and to the extent he alluded to a "mind-initiative." (ECF No. 14 at 3.) The Court also concluded that although it was "possible that Caiby could allege a nonfrivolous basis for a claim based on repeated assaults from other inmates and circumstances related to his mail, . . . the Complaint [did] not allege a plausible claim as pled due to the absence of enough facts showing an entitlement to relief." (*Id.* at 4.) In particular, Caiby failed to allege facts explaining how Ferguson was responsible for any of the conditions in question and he likewise failed to provide enough information to proceed against

2

any John Doe Defendants if he sought to do so. Caiby was given leave to file an amended complaint, which he did.[2] (*See* ECF Nos. 15 & 16.)

Caiby names Tammy Ferguson as a Defendant in the caption of his Amended Complaint and also lists a Jane/John Doe Defendant on the second page of his Amended Complaint. Caiby again alleges that he was "slashed continuously, and cut to the 'burn censors' third cuticle down by agents of the state solicited by people acting under color of state law." (Am. Compl. at 4.) Caiby alleges that his injuries stemmed from an "unconstitutional policy/custom," but he does not clearly explain the specific policy or custom in question. (*Id.* at 5.) Caiby alleges that when he returned to SCI Phoenix from Monroe County on January 27, 2019, he told a Lieutenant that he was "slashed a bunch of times," at which point he was taken to administrative segregation for ten days, after which he saw the Program Review Committee. (*Id.* at 12.)

Caiby indicates that he told prison officials to call the state police to report what had happened to him. It appears he was sent to a psychiatric observation cell and released two days later after being assessed "by a psych panel whom I also told I was cut." (*Id.*) Caiby alleges he does not "know the identity of the assailants who solicited the hits/slashings most of the with dull point instruments burn censor third cuticle down. This is a secret kind of torture usen [sic] by the military, so it falls under the 'Military Secrets Doctrine.'" (*Id.* at 12-13.) He also suggests that information—apparently about his injuries—was "gleaned by the unknown conspirators after an investigation into [his] past by Det. William Irish NYPD PSA2 June 4, 1992 Brookdale Hospital." (*Id.* at 13.) It appears Caiby sought treatment for his injuries but that at sick call he

---

[2] Caiby filed two copies of his Complaint prior to the Court's first screening, which were in essence identical, and which the Court essentially treated as one Complaint. (*See* ECF Nos. 2 & 7.) Accordingly, the Court will treat the pleading before it as an Amended Complaint rather than a second amended complaint.

3

was told only that he had a laceration because "they would deliberately misdiagnose it, and cover it up thus obstructing[] justice." (*Id.* at 13.) It also appears that he was taken to the Montgomery County Community College Medical Training Facility, which he describes as kidnapping.

Caiby alleges that he named Ferguson as a Defendant "because she has the power as the head administrative to grant discovery" and "for maintaining the [policy], and allowing [him] to be placed on the Mind Initiative without [his] informed consent or compensation." (*Id.* at 14.) He also raises allegations about renal/neural impulse control and allegations related to his belief that he is being cut and/or exposed to viruses in connection with a secret military program. Although most of Caiby's allegations concern the mind initiative treatment, he adds that the mail system is "messed up, and is currently being litigated so [privilege] is an issue." (*Id.* at 22.) Caiby attached several documents as exhibits to his Amended Complaint; it is not clear how all of the exhibits relate to his claims.

## II. STANDARD OF REVIEW

As Caiby is proceeding *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Amended Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Caiby is

4

proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Caiby's Amended Complaint contains the same defects as his initial Complaint. Many of his allegations rise to the level of factually frivolous. His allegations that he is under "renal/neural impulse control," subject to a "mind-initiative," and being tortured in connection with a secret military program do not appear to be grounded in reality. These allegations, which comprise the majority of Caiby's Amended Complaint, rise to the level of factually frivolous and cannot support a claim on which Caiby can proceed.

To the extent Caiby's allegations are not factually frivolous, he has not pled a plausible basis for a claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the

5

alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Id.* at 319.

Disregarding Caiby's fanciful and conclusory allegations, the Amended Complaint fails to allege a plausible basis for concluding that Caiby's conditions of confinement violated the Constitution. His allegations also do not make clear what Ferguson or any John Doe Defendants did or did not do in a manner that would give rise to a claim against them, or specify what policy Ferguson is responsible for enforcing that Caiby seeks to challenge. In sum, the Amended Complaint does not provide a clear factual basis for plausibly concluding that Ferguson or any John Doe Defendants violated Caiby's rights. Accordingly, Caiby has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Caiby's Amended Complaint is dismissed as factually frivolous and for failure to state a claim. Caiby was previously notified of the defects in his claims and provided an opportunity to amend but was unable to do so. As the Amended Complaint contains the same defects as the initial Complaint, the Court concludes that further attempts at amendment would be futile and will dismiss this case with prejudice. An appropriate Order follows.

BY THE COURT:

_____
WENDY BEETLESTONE, J.